JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-03103-AB-MAA | Date: | June 4, 2020 |
|---|---|---|---|

| Title: | *Diane Gonzalez, et al. v. FCA US LLC, et al.* |
|---|---|

Present: The Honorable     **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**     **[In Chambers] ORDER <u>GRANTING</u> PLAINTIFFS' MOTION FOR REMAND [DKT. NO. 13]**

Before the Court is Plaintiffs Diane Gonzalez's and Manases Gonzalez's ("Plaintiffs") motion for remand. (Dkt. No. 13.) Defendant FCA US LLC ("Defendant FCA") opposes Plaintiffs' motion. (Dkt. No. 16.) The Court finds this matter suitable for decision without oral argument and takes Plaintiffs' motion under submission. *See* Local Civil Rule 7-15. For the reasons stated below, the Court **<u>GRANTS</u>** Plaintiffs' motion for remand.

**I.     BACKGROUND**

On February 25, 2020, Plaintiffs filed their complaint against Defendant FCA and Defendant AutoNation Chrysler Dodge Jeep Ram Valencia ("Defendant AutoNation") in the Superior Court of the State of California, County of Los Angeles. (Dkt. No. 1-2.)

On April 2, 2020, Defendant FCA removed Plaintiffs' suit to this Court. (Dkt. No. 1). In their notice of removal, Defendant FCA argued that removal was

proper because the only non-diverse defendant, Defendant AutoNation, was fraudulently joined. (*Id*.) Plaintiffs' complaint alleges one cause of action for negligent repair against Defendant AutoNation. (Dkt. No. 1-2 ¶ 164–68.)

Plaintiffs now move to remand this action on the ground that Defendant AutoNation was not fraudulently joined, thus eliminating complete diversity among the parties. (*See* Dkt. No. 13.) Plaintiffs also move to remand on the ground that the amount in controversy requirement is not met. (*Id.*)

## II.   LEGAL STANDARD

### A. Removal Jurisdiction

28 U.S.C. § 1441(a) ("Section 1441") provides that a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1332 ("Section 1332") provides that a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Section 1332(a)(1) requires complete diversity, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Section 1441(b)(2) further limits removal based on diversity jurisdiction to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir.2006); *Martinez v. Los Angeles World Airports*, 2014 WL 6851440, at *2 (C.D. Cal. Dec. 2, 2014). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B. Fraudulent Joinder

A non-diverse party may be disregarded for purposes of determining whether jurisdiction exists if the court determines that the party's joinder was

"fraudulent" or a "sham." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal citation omitted).

"Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (citing Moore's Federal Practice (1986) ¶ O.161). In practice, the burden of proving fraudulent joinder is a heavy one, *Gaus*, 980 F.2d at 566, as the defendant must prove fraudulent joinder by clear and convincing evidence. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir.1998)).

Courts have characterized a defendant's heavy burden as reflecting a presumption against fraudulent joinder that a defendant can overcome only by establishing the following. First, the removing party must prove there is "no possibility that plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). "[M]erely showing that an action is likely to be dismissed against that defendant does not demonstrate fraudulent joinder." *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Lieberman v. Meshkin, Mazandarani*, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). Second, it must appear to "a near certainty" that joinder was fraudulent. *Lewis v. Time, Inc.*, 83 F.R.D. 455, 466 (E.D. Cal.1979), *aff'd,* 710 F.2d 549 (9th Cir. 1983). Finally, the court must resolve disputed questions of fact and all ambiguities in state law in favor of the plaintiffs. *Bravo v. Foremost Insurance Group,* 1994 WL 570643 at * 2 (N.D. Cal. Oct. 11, 1994). It therefore follows that the defendant "must show that the relevant state law is so well settled that plaintiff 'would not be afforded leave to amend his complaint to cure th[e] purported deficiency.' " *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1063 (C.D. Cal. 2012) (quoting *Burris v. AT & T Wireless, Inc.*, No. 06–02904 JSW, 2006 WL 2038040, *2 (N.D. Cal. Jul. 19, 2006)

Thus, "[r]emand must be granted unless the defendant shows that the

plaintiff 'would not be afforded leave to amend his complaint to cure [any] purported deficiency.'" *Padilla v. AT & T Corp.*, 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009); *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002) ("If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand."). "Merely a 'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of [the] fraudulent joinder doctrine." *Gonzalez v. J.S. Paluch Co.*, 2013 WL 100210, at *4 (C.D. Cal. Jan.7, 2013) (internal quotations omitted); *accord Ballesteros v. American Standard Ins. Co. of Wisconsin*, 436 F.Supp.2d 1070, 1072 (D. Ariz. 2006) (same) (citing *Mayes v. Rapoport*, 198 F.3d 457, 463-64 (4th Cir. 1999); *see also Warner v. Select Portfolio Servicing*, 193 F. Supp. 3d 1132, 1136 (C.D. Cal. 2016) (aptly summarizing the "immense burden" removing defendants must satisfy to establish fraudulent joinder). Finally, "[in] considering the validity of plaintiff's claims, 'the [c]ourt need only determine whether the claim seems valid' which is not the same as the standard in either a motion to dismiss or a motion for summary judgment." *Sabag v. FCA US, LLC*, No. 16-cv-06639-CAS, 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016) (quoting *Freedman v. Cardinal Health Pharm. Servs., LLC*, No. 14-cv-01994-JAM, 2015 WL 2006183, at *3 (E.D. Cal. 2015)).

### III.   DISCUSSION

The Court concludes that Defendant FCA has not met its heavy burden to show that Defendant AutoNation was fraudulently joined.

Plaintiff brings suit against Defendant AutoNation to recover under California law for negligent repair. (*See* Dkt. No. 1-2 ¶¶ 164–68.) Defendant FCA argues that Plaintiff's claim for negligent repair against Defendant AutoNation is barred by the economic loss rule, as Plaintiff has alleged only economic damages, not damages for physical injuries. (*See* Dkt. No. 16 at 25–27); *see also Seely v. White Motor Co.*, 403 P.2d 145, 151 (Cal. 1965) ("Even in actions for negligence, a manufacturer's liability is limited to damages for physical injuries and there is no recovery for economic loss alone."). Defendant FCA further argues that Plaintiff's negligent repair claim is barred by the statute of limitations.

However, in making these arguments, Defendant FCA fails to meet its burden of showing that Plaintiff's complaint "can[not] possible be cured by granting [Plaintiffs] leave to amend." *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 550 (9th Cir. 2018). Here, Plaintiffs argue that any deficiency with respect to its negligent repair claim can be cured by the allegation

of additional facts in support of their cause of action. (*See* Dkt. No. 18 at 3) ("Due to the liberal policies favoring amendment, [Defendant FCA] cannot show that Plaintiffs are unable to amend to correct any perceived deficiencies as to the negligent repair claim."). Further, with respect to the statute of limitations, Defendant FCA makes no showing that any statute of limitations bar could not be tolled. Defendant FCA's argument that Plaintiffs' negligent repair claim is inadequately pleaded similarly fails to show that Defendant AutoNation was fraudulently joined. *See Grancare*, 889 F.3d at 550 ("If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent [joinder] inquiry does not end there . . . [T]he district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.").

Because Defendant FCA has not shown that any of the purported deficiencies in Plaintiffs' negligent repair claim cannot possibly be cured by amendment, Defendant FCA has failed to meet its burden of demonstrating that Defendant AutoNation was fraudulently joined. Accordingly, Defendant FCA fails to demonstrate complete diversity among the parties.

## IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' motion for remand. This case is hereby **REMANDED** to the state court from which it was removed.

**IT IS SO ORDERED**.